PER CURIAM.
The issue presented in this case is whether a defendant is required to be sentenced to a nonstate prison sanction under section 775.082(10), Florida Statutes (2010), where he also meets the requirements for sentencing as a habitual felony offender. We find that the trial court correctly sentenced appellant as a habitual offender to four years in prison, as the Criminal Punishment Code does not apply in this case.
Section 775.082(10) provides, in pertinent part:
If a defendant is sentenced for an offense committed on or after July 1, 2009, which is a third degree felony but not a forcible felony as defined in s. 776.08, and excluding any third degree felony violation under chapter 810, and if the total sentence points pursuant to s. 921.0024 are 22 points or fewer, the court must sentence the offender to a nonstate prison sanction.
Appellant met the requirements of this statute, as he committed the offense of driving while license suspended on May 3, 2010, the offense is a third-degree felony, and appellant scored 15.4 points.
However, during the sentencing hearing, appellant conceded that he also met the requirements for habitual offender designation. Section 775.084(3)(a)6. of the habitual offender statute states:
For an offense committed on or after October 1, 1995, if the state attorney pursues a habitual felony offender sanction or a habitual violent felony offender sanction against the defendant and the court, in a separate proceeding pursuant to this paragraph, determines that the defendant meets the criteria under subsection (1) for imposing such sanction, the court must sentence the defendant as a habitual felony offender or a habitual violent felony offender, subject to imprisonment pursuant to this section....
This statute, by its terms, requires that the trial court impose a habitual offender sentence where, as here, the *419 criteria of the statute are otherwise met. Moreover, a sentence imposed under the habitual offender statute is not subject to the Criminal Punishment Code. See 775.084(4)(h), Fla. Stat.; State v. Collins, 985 So.2d 985, 991 (Fla.2008). Section 775.082(10) refers to the Criminal Punishment Code in designating the total sentence points allowed under section 921.0024. Because the trial court sentenced appellant as a habitual offender, the Criminal Punishment Code is inapplicable. As the trial court noted, the legislature was aware of the habitual offender statute when it enacted section 775.082(10). If the legislature intended for section 775.082(10) to apply in lieu of the habitual offender statute, it would have explicitly stated so.

Affirmed.

POLEN, HAZOURI and LEVINE, JJ., concur.